IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Criminal No. 5:16-cr-00019-BO-1
Civil No. 5:18-cv-00062-BO

LEANDER DEWEY JONES, )
)
Petitioner, )
)
v. )        **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

This cause is before the court to address petitioner's pro se motion to vacate, set aside, or

correct a sentence under 28 U.S.C. § 2255 [D.E. 40] and respondent's motion to dismiss [D.E. 45].

Background:

On May 9, 2016, pursuant to a written plea agreement, petitioner pleaded guilty to

manufacture of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count One).

See Mem. of Plea [D.E. 21]; Hr'g Tr. [D.E. 35] at 14. On August 30, 2016, over petitioner's

objection, the court applied § 4B1.5(b) of the United States Sentencing Guidelines (U.S.S.G. or

Guidelines), which provides for a five-point sentence enhancement if "the defendant's instant

offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity

involving prohibited sexual conduct." See Sentencing Hr'g Tr. [D.E. 34] at 13–14. The court then

sentenced petitioner to, among other things, 360 months' imprisonment. Id. at 23; J. [D.E. 26].

Petitioner appealed, challenging the substantive reasonableness of the sentence pursuant to

Anders v. California, 386 U.S. 738 (1967). See [D.E. 30]. On February 1, 2017, the United

States Court of Appeals for the Fourth Circuit ("Fourth Circuit") issued an unpublished opinion that

granted the Government's motion to dismiss the appeal pursuant to petitioner's waiver and otherwise

affirmed the district court's judgment [D.E. 37].

On February 16, 2018, petitioner filed the instant section 2255 motion [D.E. 40]. Petitioner

argues that: (1) the government violated the terms of petitioner's plea agreement by seeking an

enhanced sentence under U.S.S.G. § 4B1.5(b); and (2) his counsel was constitutionally ineffective

in failing to object to this enhancement. Id. at 4-6.

On April 9, 2018, respondent moved to dismiss this section 2255 motion under Federal Rule

of Civil Procedure 12(b)(6). See Resp't Mot. Dismiss [D.E. 45]; Resp't Mem. [D.E. 46]. The court

notified petitioner of the pending motion to dismiss, the deadline for filing a response, and the

consequences of failing to respond [D.E. 47]. Petitioner did not timely respond but moved out-of-

time for an extension of time to respond and asserted he was under the impression that the Federal

Public Defender would file a motion on his behalf [D.E. 48]. On August 8, 2019, the court granted

petitioner's motion for an extension of time [D.E. 49]. On August 26, 2019, petitioner again moved

for an extension of time [D.E. 50]. On September 13, 2019, the court granted petitioner a final

extension of time [D.E. 51]. On October 3, 2019, petitioner filed a response [D.E. 53].

### Discussion:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a

claim upon which relief can be granted" tests the legal sufficiency of the pleading and should be

granted unless the pleading states a facially plausible claim for relief. See Fed. R. Civ. P. 12(b)(6);

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Rule 12, Rules Governing

Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to section 2255

proceedings). When considering a Rule 12(b)(6) motion, the court assumes the truth of all facts

alleged in the complaint, but need not accept legal conclusions drawn from the facts. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted).

Petitioner first argues that the government violated the terms of his plea agreement by requesting an enhancement of his sentence in reliance on criminal conduct not covered by terms of his guilty plea. See [D.E. 40] at 4. The record reflects that the enhancement was sought under U.S.S.G. §4B1.5(b). Sentencing Hr'g Tr. [D.E. 34] at 13–14; Pre-sentence Report [D.E. 24] at ¶47.

Guidelines section 4B1.5(b) states:

(b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

> (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three. However, if the resulting offense level is less than level 22, the offense level shall be level 22, decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1.

> (2) The criminal history category shall be the criminal history category determined under Chapter Four, Part A.

U.S.S.G. § 4B1.5(b).

The accompanying commentary notes that "prohibited sexual conduct" includes the production of child pornography. U.S.S.G. § 4B1.5 cmt. n.4(A)(ii). A defendant has engaged in a "pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." Id., cmt. n.4(B)(i). The crime to which petitioner pleaded guilty, manufacture of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e), Mem. of Plea [D.E. 21], is a "covered sex crime." Id. cmt. n.2(A)(ii); cf.

3

United States v. Sebolt, 554 F. App'x 200, 207 (4th Cir. 2014) (unpublished) (finding § 4B1.5(b) enhancement inapplicable when offense conviction did not entail production of child pornography).

Here, the pre-sentence report ("PSR") noted that a forensic examination of petitioner's computer found that petitioner had produced multiple pornographic images of two minor victims on several occasions. PSR [D.E. 24] at ¶¶ 8, 11, 14. After finding that defendant had engaged in a "pattern of activity involving prohibited sexual conduct," the PSR recommended a five-point enhancement under U.S.S.G. §4B1.5(b). PSR [D.E. 24] at ¶¶ 11, 47. Although the guideline imprisonment range was found to be 360 months to life, because 30 years was the statutory maximum sentence, the guideline term of imprisonment was set at 360 months. Id. at ¶52; see also Sentencing Recommendation [D.E. 25] at 2 (noting conduct related to Victim 2 was not considered or incorporated in the guideline calculations). At sentencing, the court determined there was an adequate basis for the PSR findings and overruled petitioner's objection as to the recommended enhancement under U.S.S.G. §4B1.5(b). Hr'g Tr. [D.E. 34] at 17. Petitioner's sentence of 360 months' imprisonment exactly matched the guideline recommendation and did not exceed the statutory maximum of 30 years. See id. at 23.

Contrary to petitioner's assertion that the government violated his plea deal by introducing evidence of conduct to which he had not pleaded guilty, the government's recommendation of enhancement under U.S.S.G. §4B1.5(b) due to a "pattern of activity involving prohibited sexual conduct" is expressly contemplated and permitted by the Guidelines and accompanying commentary. See U.S.S.G. §4B1.5, cmt. n.4(B)(ii) ("An occasion of prohibited sexual conduct may be considered for the purposes of subsection (b) without regard to wether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."); see also United States v. Dowell, 771 F.3d 162, 171 (4th Cir. 2014) (noting that

4

U.S.S.G. § 4B1.5(b)(1) "aims not merely to punish a defendant for the specific characteristics of the offenses of conviction . . . but to allow a district court to impose an enhanced period of incarceration because the defendant presents a continuing danger to the public.").

Although petitioner argues that enhancement of his sentence pursuant to U.S.S.G. § 4B1.5(b) also was improper under the "Rule of Lenity," see [D.E. 53] at 3, this rule generally applies to ambiguous statutes, see United States v. Shabani, 513 U.S. 10, 17 (1994); United States v. Bass, 404 U.S. 336, 347 (1971) (reaffirming that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." (citations and internal quotation marks omitted)). Here, as noted above, the Guidelines and accompanying commentary unambiguously permit such enhancement.

Petitioner also argues that the government's intent to recommend enhancement under U.S.S.G. § 4B1.5(b) should have been disclosed at his arraignment hearing. See [D.E. 53] at 1–2. However, as Government's colloquy in the transcript of this hearing notes, in relevant part: "the Court will take into account but is not bound by the United States sentencing guideline"; "the sentence has not yet been determined by the Court"; "any estimate of the sentence received from any source is not a promise"; "[t]he United States may provide the United States Probation Offices any evidence concerning relevant conduct"; and that the Government "reserves the right to make a sentence recommendation." Hr'g Tr. [D.E. 35] at 21–23. Thus, this claim also fails.

To the extent petitioner instead argues that U.S.S.G. § 4B1.5(b) is unconstitutionally vague or that its imposition violated his due process rights, such arguments are foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S.Ct. 886, 895 (2017) (holding "the advisory sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause."). See United States v. Foust, 713 F. App'x 230, 231 (4th Cir. 2018) (unpublished) (per curiam). Accordingly, petitioner's first claim fails to state claim upon which relief can be granted.

The court now turns to plaintiff's second claim–that his attorney provided ineffective assistance of counsel by failing to object at sentencing to enhancement under U.S.S.G. § 4B1.5(b). See [D.E. 40] at 5. Petitioner specifically asserts that his defense counsel objected only to the "clarity of the Application note 4B" but not as to a breach of the plea agreement. Id.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two things. First, he must show that the counsel's performance was deficient in that it was objectively unreasonable under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In reviewing this element, a court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Thus, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, a petitioner must also establish that counsel's deficient performance prejudiced him by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, contrary to petitioner's contention, the record reflects that petitioner's counsel vigorously contested the sentencing enhancement under U.S.S.G. §4B1.5(b) on various grounds. See Hr'g Tr. [D.E. 34] at 9–16 (arguing impermissible "double-counting" of the same conduct, that the guideline application notes are vague, and that the enhancement should not apply because petitioner was merely manufacturing child pornography but did not engage in physical sexual conduct with the victims). After the court overruled counsel's objections to the enhancement, see id. at 17, petitioner's counsel then argued for the imposition of the mandatory minimum sentence of fifteen years due to petitioner's advanced age, poor health, difficult upbringing, lack of prior

6

trouble with the law, and years of government employment. See id. at 18–19. In sum, counsel's

performance was not objectively unreasonable. See Strickland, 466 U.S. at 689.

To the extent petitioner argues that his counsel instead should have argued that enhancement

under U.S.S.G. § 4B1.5(b) violated the terms of petitioner's plea agreement, the court already has

found that argument meritless. See, e.g., United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)

("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful

ineffective assistance of counsel claim because the result of the proceeding would not have been

different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731

(E.D.Va.1996) ("[T]here can be no claim of ineffective assistance where, as here, counsel is alleged

to have failed to raise a meritless argument"). Succinctly stated, petitioner fails to demonstrate any

"reasonable probability" that, but for his counsel's allegedly inadequate performance, the outcome

of the sentencing proceeding would have been different. See Strickland, 466 U.S. at 697.

The court now turns to petitioner's argument that his attorney provided ineffective assistance

of counsel during the plea bargaining stage. See [D.E. 53] at 6–7. Petitioner asserts his counsel

initially indicated that petitioner was facing 7 to 15 years incarceration and later assured petitioner

he would received the minimum sentence of 15 years and "would be out in a little over 10 years."

Id. at 6. Petitioner alleges his counsel discussed the PSR for the first time on the date of sentencing.

Id. Petitioner contends that counsel's errors rendered his plea not knowing and voluntary. Id. at 7.

A criminal defendant's decision to plead guilty must be knowing and voluntary. See Boykin

v. Alabama, 395 U.S. 238, 242–43 (1969); McCarthy v. United States, 394 U.S. 459, 466 (1969);

Walton v. Angelone, 321 F.3d 442, 460 (4th Cir. 2003). When assessing the validity of a guilty plea,

courts do not lightly disregard sworn statements in a plea hearing. See, e.g., Blackledge v. Allison,

7

431 U.S. 63, 73–74 (1977); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005); Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) ("[C]ourts look to the totality of the circumstances surrounding the guilty plea, granting the defendant's solemn declaration of guilt a presumption of truthfulness." (citation omitted)), cert. denied, 530 U.S. 1283 (2000).

Petitioner's contention that his guilty plea was not knowing and voluntarily is belied by the record. The court read aloud the minimum and maximum possible penalties for each charge. See Hr'g Tr. [D.E. 35] at 10–14. Petitioner swore, under oath, to the following: that he understood the charges against him; that his attorney's calculation of his anticipated sentence was only an estimate; that he was pleading guilty of his own free will; that he had not been threatened or forced into entering the plea; that he was made no promises to induce his plea; that he was giving up various constitutional rights by pleading guilty; that he had read the plea agreement, had discussed it with counsel, and understood its terms; and that he was actually guilty of the count to which he pleaded. See id. at 9, 14–17, 25, 28. Accepting petitioner's guilty plea, the court found, among other things: petitioner was competent; petitioner was fully aware of the nature of the charges, consequences of the plea, and the maximum penalty provided by law; petitioner entered the plea knowingly and voluntarily; and that the guilty plea was supported by an "independent basis of fact." Id. at 28.

This plea transcript is presumed correct on federal habeas review. See, e.g., Parke v. Raley, 506 U.S. 20, 29–30 (1992). Moreover, petitioner also is bound by his sworn admissions. See Blackledge, 431 U.S. at 73–74; Lemaster, 403 F.3d at 221. Under the totality of the circumstances, see Burket, 208 F.3d at 190, petitioner's claim that his plea was not knowing and voluntary fails.

To the extent petitioner asserts he would have gone to trial instead of accepting a guilty plea had counsel provided better advice, petitioner again raises an ineffective assistance of counsel claim.

8

See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Lee v. United States, 137 S. Ct. 1958, 1965 (2017). When a party claims his counsel's deficient performance deprived him of a trial by causing him to plead guilty, "the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." Lee, 137 S. Ct. at 1965 (quotation omitted). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citation omitted).

Petitioner's contention that he would have gone to trial instead of accepting the plea also is belied by the record. By pleading guilty to one count of manufacture of child pornography, petitioner faced a statutory minimum 15-year sentence of incarceration and a maximum 30-year sentence. See Hr'g Tr. [D.E. 35] at 10–11; Penalty Sheet [D.E. 5]. Had petitioner instead gone to trial and been found guilty of all of the 13 counts against him, including the 12 counts dismissed under the plea bargain, petitioner faced a minimum 80-year sentence and a maximum 280-year sentence. See Penalty Sheet [D.E. 5]. The court is unconvinced that a reasonable defendant would have declined this favorable plea bargain. Cf. Padilla, 559 U.S. at 372.

The court concludes that petitioner's attorney's representation did not fall below an objective standard of reasonableness or otherwise prejudice petitioner. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 687–94. Thus, petitioner also fails to state an ineffective assistance of counsel claim.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

<u>Conclusion</u>:

For the reasons discussed above, the court: GRANTS the motion to dismiss [D.E. 45];

DISMISSES petitioner's section 2255 motion [D.E. 40]; and DENIES a Certificate of Appealability.

SO ORDERED. This 30 day of October 2019.

TERRENCE W. BOYLE
Chief United States District Judge